AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br><br>OLIN D. GRANT, JR.<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) Case No.  19-64 "MAG" |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __01/07/2019__ in the parish of __Jefferson__ in the __Eastern__ District of __Louisiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 924(c)(1)(A) | Possession of firearms in furtherance of a drug trafficking offense |
| 18 U.S.C .§ 922(o) | Possession of Machinegun |
| 18 U.S.C. § 922(j) | Possession of a Stolen Firearm |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Patrick Solomon, ATF, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 7, 2019

*Judge's signature*

City and state: New Orleans, Louisiana   Hon. Michael B. North, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **MAGISTRATE NO.: 19-64** |
| v. | * | |
| **OLIN D. GRANT, JR.** | * | |
| | * | |

\* \* \*

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick S. Solomon, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), being duly sworn, do hereby depose and state that the following information is true to the best of my knowledge and belief:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (hereinafter referred to as "SA") with the ATF, United States Department of Justice, currently assigned to the New Orleans Field Division. I have been a Special Agent with the ATF and have been so employed since August 1999. Prior to my employment with ATF, I was employed by the Louisiana Department of Public Safety and Corrections, Probation and Parole Division and Jefferson Parish Sheriff's Office in a law enforcement capacity. During my law enforcement career, I have investigated numerous firearms violations of the Gun Control Act of 1968 (GCA) and National Firearms Act (NFA). As an ATF Agent, I have completed numerous courses of instruction in the fields of illegal firearms, trafficking of illegal firearms and firearms identification. With ATF, my current duties include investigating federal violations of the firearms, arson and explosives laws. Additionally, I have directed or participated in over two hundred federal criminal investigations involving illegal firearms, explosives and violations of the GCA and NFA.

2.   As a result of my training, general knowledge, and experience as a Special Agent with ATF, I am familiar with the federal firearms laws and know that under Title 18, United States Code, Section 924(c)(1)(A)(i), it is unlawful for a person to possess a firearm in furtherance of a drug trafficking crime, and that it is unlawful to possess a machinegun that is not registered to such a person in the National Firearms Transaction Record (NFTR).

3.   This Affidavit is submitted only for the limited purpose of securing a criminal complaint. I have not set forth each and every fact known concerning this investigation. The facts in this Affidavit come from my training and experience, the training and experience of other law enforcement officers, the observations of other law enforcement officers of the Jefferson Parish Sheriff's Office (hereinafter "JPSO") and the Gretna Police Department, and information contained in reports, documents, and notes furnished to me. I am fully familiar with the facts and circumstances of this investigation. This Affidavit is intended to show merely that there is sufficient probable cause in support of a criminal complaint. I have included what I believe are the facts sufficient to establish probable cause for the complaint sought.

4.   As further set forth below, I am conducting an investigation into Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), Possession of Machinegun, in violation of Title 18, United States Code, Section 922(o), and Possession of a Stolen Firearm, in violation of Title 18, United States Code, Section 922(j), by **OLIN D. GRANT, JR.** (B/M, DOB XX-XX-1996).

## PROBABLE CAUSE

5.   On or about January 7, 2019, JPSO officers responded to a shooting at 2120 Caddy Drive, Marrero, Louisiana. Through the investigation of this incident, officers learned that **GRANT** was the victim of a robbery that occurred at the residence prior to the shooting.

According to **GRANT**, several unknown subjects forced entry into his residence while he was asleep on the couch. During the incident, the perpetrators demanded that **GRANT** give them marijuana that he possessed, along with U.S. Currency. In addition to the U.S. Currency and marijuana, the perpetrators took possession of **GRANT**'s handgun, which was located next to **GRANT**. In response, **GRANT** obtained a nearby rifle, a Good Times Outdoor, Model Core-15, .223 caliber rifle, bearing serial #GTOC023606, and began firing at these individuals, chasing them out of his residence. A ballistics examination confirmed that the Good Times rifle was the same firearm used by **GRANT** during the shooting.

6. In response to the robbery and shooting, JPSO officers arrived at **GRANT**'s residence. Upon making entry into the home, the officers detected the odor of marijuana inside of the residence. In an effort to investigate the shooting, JPSO officers obtained a search warrant for the residence from a magistrate judge for the 24th Judicial District Court, Parish of Jefferson. After receiving authorization to search the residence, officers located a quantity of marijuana, packaged inside of clear plastic bag contained inside of a glass jar, and drug paraphernalia indicative of distribution, such as plastic bags, three cellular telephones, and one digital scale.

7. As the search continued, officers located a second rifle, a Century Arms International, a 7.62 caliber rifle, bearing serial number M70AB25687, located inside of a bedroom inside of the residence. Additionally, officers located an empty Glock pistol box, inside of a second closet within the residence.

8. Based on locating the aforementioned items, officers elected to arrest **GRANT**. Subject to his arrest, officers searched **GRANT** and located approximately $6,000 in U.S. Currency in his front right pants pocket. **GRANT** was advised of his *Miranda* rights. **GRANT** stated that he understood his rights and elected to waive his rights. **GRANT** voluntarily admitted

to shooting at the perpetrators in response to the burglary. **GRANT** was either unwilling or unable to provide the identity of the individuals.

9. On January 28, 2019, officers elected to interview **GRANT** a second time, in an effort to obtain additional information about the burglary and the shooting. GRANT was advised of his *Miranda* rights a second time, stated that he understood his rights, and elected to waive his rights. Grant admitted that the aforementioned firearms, marijuana, drug paraphernalia and U.S. Currency belonged to him. Following this incident, **GRANT** was released from incarceration.

10. On February 14, 2019, a Gretna Police Department officer observed a vehicle pulled over on the side of the road with hazard lights flashing. In an effort to assist the driver, the officer elected to conduct a welfare stop on the vehicle and assist the motorist. Upon approaching the driver, the sole occupant of the vehicle, the officer noticed the driver to be leaning on the passenger side of the vehicle. As the officer continue to approach, he observed the driver quickly jump into the vehicle and begin to make furtive movements inside of the vehicle, appearing to conceal an unknown object near the direction of the vehicle's center console. Upon reaching the vehicle, the officer also smelled what he knew based upon training and experience to be the smell of marijuana emanating from inside of the vehicle. The officer commanded the individual to stop moving inside of the vehicle and show his hands. Officers made contact with the individual and identified him as **GRANT**.

11. For officer safety, officers conducted a pat down of **GRANT**. During the pat down, officers felt what they knew from their training and experience to be a weapon in **GRANT**'s waistband. Upon searching **GRANT**, officers located a firearm in **GRANT**'s waistband, a Glock, model 21, .45 caliber pistol, serial number EXF802. **GRANT** voluntarily

stated that he did forgot that the gun was located in his waistband area. Due to the fact that the firearm was concealed, officers elected to arrest **GRANT** for the state law violation.

12. Officers then questioned **GRANT** about the odor of marijuana emitting from his vehicle. **GRANT** admitted to being in possession of marijuana, which was located inside of the center console cup holder of the vehicle. Officers approached the vehicle and observed a partially smoked hand rolled cigar, containing green vegetable matter, in the cup holder. Further search of the vehicle revealed a Magnum Research, Desert Eagle 1191, .45 caliber handgun, bearing serial number SB-100331, loaded with ten live .45 caliber cartridges, concealed in between the passenger seat and the center console. A records search conducted after **GRANT**'s arrest revealed that the firearm was stolen out of Hancock County. **GRANT** was released from incarceration. Subsequent to learning that the aforementioned firearm was stolen, an arrest warrant was issued for **GRANT**.

11. On March 12, 2019, JPSO officers responded to a vehicle stopped on the side of the road. Upon making contact with the driver of the vehicle, officers identified the individual to be **GRANT**, who was the subject of the arrest warrant previously mentioned. Officers arrested **GRANT** for the prior firearms violation occurring on February 14, 2019. **GRANT** was provided with his *Miranda* warnings, waived his rights, and elected to make a voluntary statement to the officers. **GRANT** admitted to being in possession of a firearm that was located inside of his vehicle. After learning that **GRANT** was in possession of a firearm, officers elected to obtain a search warrant for **GRANT**'s vehicle. The firearm, a Glock, Model 22, .40 caliber pistol, serial number BFFS970, was located inside of the center console. The Glock pistol was equipped with a device which allows the Glock to automatically discharge more than one round with a single depression of the trigger. Possession of such a device unregistered to persons in

the National Firearms Transaction Record (NFTA) is unlawful. **GRANT** was released from incarceration following this arrest.

12. On April 3, 2019, your Affiant interviewed **GRANT** at the Jefferson Parish Sheriff's Office. **GRANT** voluntarily agreed to meet with your Affiant. During the interview, **GRANT** admitted to selling controlled dangerous substances. Additionally, he again admitted to being the owner of the firearms recovered during the aforementioned investigations. As it relates to the Glock, Model 22, .40 caliber pistol, serial number BFFS970, **GRANT** admitted that he knew that a Glock sear convertor was attached to the firearm, but that he did not know that the sear converted the firearm into a machinegun.

13. Each of the firearms recovered, the Good Times Outdoor, Model Core-15, .223 caliber rifle, bearing serial #GTOC023606; the rifle, a Century Arms International, a 7.62 caliber rifle, bearing serial number M70AB25687; the Glock, Model 21, .45 caliber pistol, serial number EXF802; the a Glock, Model 22, .40 caliber pistol, serial number BFFS970; and the Magnum Research, Desert Eagle 1191, .45 caliber handgun, bearing serial number SB-100331, possessed by **GRANT** were manufactured outside of the State of Louisiana, furthermore affecting interstate commerce in their transport into the State.

## CONCLUSION

Based upon the above facts, your Affiant submits that there is probable cause to believe that **GRANT** illegally possessed the aforementioned firearms, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 922(j) and 922(o); all in violation of 924(a)(2).

Your Affiant swears that the aforementioned information is true and correct to the best of his knowledge.

_____
Patrick S. Solomon
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed to and sworn before me, this __7__ day of June, 2019.

_____
HONORABLE MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE